**Maha SINGH, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 04–71392.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.[*]

Filed March 2, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Inna Lipkin, Esq., Law Offices of Kuldip Singh Dhariwal, Fremont, CA, for Petitioner.

Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Papu Sandhu, Jennifer Keeney, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

## MEMORANDUM **

Maha Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales,* 453 F.3d 1182, 1184–85 (9th Cir.2006), and we deny the petition for review.

The record does not compel the conclusion that Singh established extraordinary or changed circumstances to excuse his untimely filed asylum application. *See* 8 C.F.R. § 1208.4(a)(4),(5); *see also Ramadan v. Gonzales,* 479 F.3d 646, 658 (9th Cir.2007) (per curiam). Accordingly, his asylum claim fails.

Substantial evidence supports the IJ's adverse credibility determination based on inconsistencies between Singh's testimony and declaration concerning the presence of militants at his brother's house, the omission of his brother's 1996 arrests from Singh's declaration, and internal inconsistencies in Singh's testimony regarding the dates of his brother's arrests and the timing of Singh's own arrest. *See Li v. Ashcroft,* 378 F.3d 959, 962–63 (9th Cir.2004); *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001). Singh's contention that the IJ failed to give full weight to his documentary evidence is not supported by the record. Accordingly, Singh's withholding claim fails.

Singh's CAT claim also fails because it is based on the same facts the IJ determined to be not credible and Singh points to no other evidence that should have been con-

ed by 9th Cir. R. 36-3.

sidered in determining his CAT claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.